IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ODOM, #154143, | § § § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:22-cv-1934-B-BN |
| SHERIFF GARRETT, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Odom, an inmate at the Rockwall County jail, filed a *pro se* complaint raising civil rights claims related to his incarceration. *See* Dkt. No. 1.

After its transfer to this district, United States District Judge Jane J. Boyle referred Odom's case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Where prisoners, whether incarcerated or detained pending trial, seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Here, consistent with the Filing Fee Order entered under the Prison Litigation Reform Act (the PLRA), *see* Dkt. No. 13, ¶ 4, Odom moved for leave to amend his complaint, *see* Dkt. No. 17. The Court granted leave and notified Odom that it would

screen his amended allegations under 28 U.S.C. §§ 1915A and 1915(e). *See* Dkt. Nos. 18, 19. After that, Odom made various filings, including a second motion for leave to amend, a motion for a temporary restraining order (TRO), and a motion to dismiss his case. *See* Dkt. Nos. 20-28.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should terminate Odom's motion to dismiss, deny the motions to amend and for a TRO, and dismiss this lawsuit for the reasons and to the extent set out below.

## Discussion

### I. The Court should terminate Odom's motion to dismiss.

Odom moved to dismiss his complaint, explaining that he "wishes to dismiss this case without prejudice if the court's intentions are not to order defendants to answer and begin discovery" and that he "wishes to avoid a strike under the PLRA" and will "re-file at a later date if the court doesn't serve the defendants and order them to answer the complaint." Dkt. No. 28.

The Federal Rules of Civil Procedure provide that, subject to certain exceptions, including "any applicable federal statute," a plaintiff "may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i) (cleaned up).

"[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." *Qureshi v. United States*, 600 F.3d

523, 525 (5th Cir. 2010).

But some courts have held that, where it applies, the PLRA, as an "applicable federal statute," FED. R. CIV. P. 41(a)(1)(A), limits "Rule 41(a)(1)(A)'s right of voluntary dismissal," *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8212681, at *3 (S.D. Tex. Dec. 7, 2015) ("Congress passed the PLRA in 1996 after Rule 41(a)(1)(A)'s substantive provisions were adopted, PUB. L. NO. 104-134, and, therefore, Rule 41(a)(1)(A)'s right of voluntary dismissal is subject to the PLRA." (citing *Hines v. Graham*, 320 F. Supp. 2d 511, 524 (N.D. Tex. 2004))).

In both *Burley* and *Hines*, the courts had spent considerable resources screening the plaintiff's claims, and the notices of voluntary dismissal were filed to avoid an imminent dismissal on the merits and a strike under the PLRA. *See also Large v. Beckham Cnty. Dist. Court*, 558 F. App'x 827, 828-29 (10th Cir. 2013) ("While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless." (citations omitted)).

But a panel of the United States Court of Appeals for the Fifth Circuit has concluded that a *pro se* prisoner proceeding *in forma pauperis* in an action under 42 U.S.C. § 1983 retained the right to voluntarily dismiss his lawsuit without prejudice even after a magistrate judge recommended that the complaint be dismissed with prejudice for failure to state a claim. *See Thomas v. Phillips*, 83 F. App'x 661, 661-62 (5th Cir. 2003) (not specifically mentioning the PLRA).

As explained to Odom through an order entered March 1, 2023,

> [h]ere, the Court has begun to screen Odom's claims but has yet to find them meritless. So, in response to Odom's motion, the Court does not yet know whether his claims will ever be served and, if they are, if discovery will ever be allowed. *See, e.g.*, *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery – 'cabined or otherwise' – against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." (citation omitted)).
>
> Regardless, at least at this stage of this case, Rule 41(a)(1) still arguably provides Odom an "absolute right to dismiss [his] lawsuit." *Thomas*, 83 F. App'x at 662. Such a dismissal will be without prejudice and will not count as a strike under the PLRA.
>
> But, because through his filing [Dkt. No. 28], Odom does not clearly express his intent to voluntarily dismiss this lawsuit, he must file a written response to this order by **March 31, 2023** to either express his clear intent to dismiss this lawsuit (without prejudice) or notify the Court that he elects for the Court to further screen his amended allegations under the PLRA.

Dkt. No. 29 at 3-4.

Odom responded timely, informing the Court that he did "wish [for] the court to further screen [his] amended allegations to date." Dkt. No. 30.

The Court should therefore terminate Odom's motion to dismiss.

## II. Odom fails to allege plausible claims, so his request for a TRO should be denied and his complaint as amended should be dismissed.

The operative complaint is the amended complaint that the Court allowed Odom to file. But, because, in the amended complaint, Odom arguably references earlier filings, *see* Dkt. No. 19 at 2, the undersigned has, out of an abundance of caution, also reviewed the allegations in the original, superseded complaint, *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended

complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985))).

But, even considering all these factual assertions, Odom still has not alleged a plausible constitutional violation.

First, insofar as Odom complains about how his grievances have been handled by the jail, such complaints do not plausibly allege a constitutional violation, as a prisoner does not have a constitutional right to have grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable Section 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (cleaned up)).

> A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. [So a court should dismiss associated claims] with prejudice, as allowing [leave] to amend the grievance claim would be futile.

*Cornett v. Edge*, No. 3:20-cv-89-M-BN, 2020 WL 890387, at *2 (N.D. Tex. Jan. 16, 2020) (citing 42 U.S.C. § 1997e(b); *Archie v. May*, Civ. No. 13-3185, 2014 WL 993506,

at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases)), *rec. accepted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020).

Odom next alleges claims of negligence against a defendant identified as Nurse Lloyd. To survive dismissal on this claim, Odom must "plead facts sufficient to show" that a negligence claim has "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). But Odom fails to include such allegations.

And, even if he had, to allege a constitutional violation based on the medical care that he has received at the jail requires, at a minimum, that Odom plead facts from which the Court may infer a due process violation based on deliberate indifference. *See, e.g.*, *Coker v. Dall. Cnty. Jail*, No. 3:05-cv-05-M, 2007 WL 3022575, at *16 (N.D. Tex. Oct. 17, 2007) (The "deliberate indifference standard [as defined in *Farmer v. Brennan*, 511 U.S. 825 (1994),] is the appropriate standard for all denial of medical care claims under the Eighth and Fourteenth Amendments." (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (en banc))).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight."

*Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."'") (citations omitted)).

So, alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

And none of Odom's allegations reflect that jail employees ignored his complaints or otherwise show "a wanton disregard for [his] serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Next, to the extent that Odom alleges other claims against Sheriff Garrett and Jail Administrator Caulkins in their individual capacities, Odom fails to include facts to show how either defendant allegedly harmed him. *Cf. Isaac v. Glennis*, 32 F.3d 566, 1994 WL 442429, at *2 (5th Cir. July 29, 1994) (noting that the limitations applicable to alleging municipal liability "also apply when a sheriff or similar official is sought to be held liable for acts of his subordinates" (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987))).

The Court should therefore dismiss Odom's complaint as amended and necessarily deny his request for a TRO, as Odom has, at a minimum, failed to show "a substantial likelihood that he will prevail on the merits" – merely the first of the four requirements to obtain a preliminary injunction, "an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252, 253 (5th Cir. 2009) (citation omitted); *see also Young v. LeBlanc*, Civ. A. No. 17-6329, 2019 WL 1199099, at *2 (E.D. La. Mar. 14, 2019) ("Courts have repeatedly recognized the delicate nature of issuing injunctions that are requested in the prison setting. Specifically, federal courts, due to judicial restraint, reluctantly interfere with matters dealing with prison operations. Federal courts give a range of deference to the decisions of prison administrators when it pertains to matters of prison administration, including discipline and the status of inmates." (citing *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990))).

## Leave to Amend

While the Court should deny Odom's pending motion to amend, as the amended (or supplemental) allegations set out therein are deficient for the reasons set out above – and thus the pending request for leave is futile – the time to file objections to this recommendation (further explained below) allows Odom an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l*

*Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

And, if Odom fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

**Recommendation**

The Court should terminate Plaintiff Michael Odom's motion to dismiss [Dkt. No. 28], deny his motion for leave to amend [Dkt. No. 20], deny his motion for a temporary restraining order [Dkt. No. 21], and dismiss Odom's claims as amended with prejudice unless he shows a basis to grant further leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE